PRICE *v.* VOORHIES.

4-7542                                                      185 S. W. 2d 283

Opinion delivered February 19, 1945.

*Jay M. Rowland,* for appellant.

*Murphy & Wood,* for appellee.

HOLT, J. The parties to this action are negroes.

On June 18, 1937, appellant, Jennie Price, conveyed to appellee, Dr. McKinley Voorhies, by warranty deed, property in Hot Springs, Arkansas, consisting of part of a lot on which there were two houses, an eight-room residence in front, and a small dwelling or "shack," in the rear. This conveyance was made under a written

agreement which provided that: "The party of the first part (Dr. McKinley Voorhies) agrees to allow the party of the second part (Jennie Price) three rooms on the west side of the house at 512 Grove Street to be her permanent residence as long as she lives, and the party of the first part further agrees that she is to collect the rent on No. nine (9) Ivy Street for her personal use as long as she lives."

The consideration set out in the deed was that appellee assumed a mortgage on the property in the amount of $1,078.12, and in addition embraced the agreement, *supra,* that appellant should have the use of three rooms on the west side of the larger house for her home as long as she might live, and the right to collect the rent on the other house for the remainder of her life.

Some time after the execution of this deed, (the exact date not being shown) appellant sued appellee in the Garland chancery court to cancel it. There was a decree denying the cancellation and that "Dr. McKinley Voorhies, (appellee) do have the title and peaceable possession of above described property as conveyed by plaintiff, Jennie Price, by said warranty deed; . . . that plaintiff, Jennie Price, (appellant) have specific performance of the said contract and that she have a residence in the said three rooms at 512 Grove Street for the rest of her life, and rents from No. 9 Ivy for her life." There was no appeal from this decree.

In February, 1944, appellant brought the present action by filing petition in the original suit alleging that on July 14, 1941, it became necessary for her to move out of the three rooms in question, for the reason that she had become a helpless invalid and unable to care for herself; and further that the small rent house on the rear of the lot had fallen down, or had been torn down on January 3, 1940, so that she had been deprived of the rent from it from that date. She prayed that appellee be required to pay her a reasonable sum each month for the rental value of the three rooms from July 14, 1941, which she placed at $8 per month, and a reasonable sum

each month from January 3, 1940, for the rental value of the small house, that had been destroyed, which she placed at $5 per month, making a total of $515, alleged to be due her.

Upon a trial, the court found: "That the defendant (appellee) has not breached his contract and has not violated the terms of the decree heretofore rendered herein; that he has not refused to allow the plaintiff (appellant) to occupy the three rooms of the house that she was permitted to occupy by the terms of the agreement and the decree. of this court; that the defendant (appellee) did not tear down the house on Ivy Street, but it was blown down or fell down; that the defendant (appellee) is not indebted to the plaintiff (appellant) in any sum," and dismissed appellant's petition for want of equity. It is from this decree that this appeal comes.

We think on the record presented that the decree is correct and must be affirmed.

It clearly appears that Jennie Price conveyed the property in question to Dr. McKinley Voorhies, in consideration of his agreement to pay all claims against this property, and the further consideration that he would allow her to use three rooms in the larger house as her residence as long as she might live, and also the rent from the smaller house for her own use for the rest of her life. The terms of the agreement are plain and specific. Appellee was to furnish Jennie Price three rooms as her residence for her life. This was personal to her. It is conceded that the appellee is still holding the rooms for her occupancy and has not refused her permission to occupy them. There is no provision in the agreement that, should appellant fail to occupy the rooms as a home, she should have their rental value, nor can we read such an implication into it.

The preponderance of the testimony is to the effect that the small rent house or "shack" was blown down or had fallen down through decay. We find no provision in the agreement requiring appellee to keep this property in repair to enable appellant to derive the rent

therefrom, nor do we think that the agreement, by implication, required this duty of appellee. No authority supporting such view has been called to our attention, and we are unable to find any.

Finding no error, the decree is affirmed.